# United States Court of Appeals for the Fifth Circuit

---

No. 23-10182
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KERMIT H. POWDRILL, II,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CR-43-1

---

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Kermit H. Powdrill, II, was sentenced to a total term of imprisonment of 131 months and a total term of supervised release of five years following his 2007 guilty plea conviction for possessing marijuana with intent to distribute, possessing firearms in furtherance of a drug trafficking crime, two counts of possessing a firearm as a convicted felon, and receiving a firearm

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

while under felony indictment. His term of supervised release was revoked in 2023. For the first time on appeal, he challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and a term of imprisonment for any offender who violates specified conditions of supervised release, including possession of a controlled substance and refusal to comply with drug testing.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Powdrill contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial. He concedes that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and only raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Powdrill has advanced and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551–53. Thus, Powdrill's sole argument on appeal is foreclosed. Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).